UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Troy Lee Mullner,<br><br>  Plaintiff<br><br>v.<br><br>Michael Minev, et al.,<br><br>  Defendants | Case No. 2:21-cv-01233-GMN-BNW<br><br>ORDER DISMISSING AND CLOSING CASE AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>[ECF No. 5] |

Plaintiff Troy Mullner brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at HDSP. (ECF No. 1-1). On December 16, 2021, this Court screened Mullner's Complaint, dismissed his claims without prejudice and with leave to amend, and ordered Mullner to file an amended complaint by January 18, 2022. (ECF No. 7). The Court warned Mullner that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 13). That deadline expired and Mullner did not file an amended complaint, move for an extension, or otherwise respond.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing, its docket, weigh in favor of dismissing Mullner's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Mullner files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here

do not indicate that this case will be an exception: there is no hint that Mullner needs additional time or evidence that he did not receive the Court's screening order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is DISMISSED WITHOUT PREJUDICE based on Mullner's failure to file an amended complaint in compliance with this Court's December 16, 2021, order and for failure to state a claim. No other documents may be filed in this now-closed case. If Mullner wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 5) is GRANTED. This status doesn't relieve the plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

To ensure that the plaintiff pays the full filing fee, it is further ordered that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **TROY LEE MULLNER, #54371** (in the months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

The Clerk of Court is directed to:

- SEND a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, NV 89072; and

- ENTER JUDGMENT accordingly and CLOSE THIS CASE.

DATED THIS __27__ day of January 2022.

_____
Gloria M. Navarro, Judge
United States District Court